UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND D. ARLOZYNSKI,

        Plaintiff,

                                      **CASE NO. 8:11-CV-1241-T-27-AEP**

vs.

LAW OFFICE OF THOMAS LANDIS

        Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS COUNT III FOR LACK OF SUBJECT MATTER JURISDICTION

COMES NOW, the Defendant, LAW OFFICE OF THOMAS LANDIS (hereafter referred to as "Landis") files this Motion to Dismiss Count III for Lack of Subject Matter Jurisdiction and states:

**A. Factual Background.**

This matter arose out of allegations that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, *et seq.* (the "FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), for attempting to collect an unpaid bill from Plaintiff.

1.    On June 6, 2011, Plaintiff filed a three-count complaint against Defendant. Counts I and II allege that Defendant violated certain provisions of the FDCPA. Count III alleges that Defendant violated the TCPA. The factual support for each claim is the same, i.e. messages left on Plaintiff's cell phone. *See,* Complaint at ¶9.

2. Despite the fact that the Complaint's allegations demonstrated that the Defendant complied with the requirements of the Section 1692e(11) and Section 1692d(6) in its auto-recorded message, Defendant elected to tender an Offer of Judgment as to the FDCPA claims only by agreeing to pay the Plaintiff $1001.00 plus reasonable attorney's fees and costs to be decided by the Court.

3. In Plaintiff's Complaint, under the FDCPA, the Plaintiff seeks only "statutory damages" along with reasonable attorney's fees and court costs to which the Defendant has agreed to pay by the acceptance of the Offer of Judgment.

4. Since the Plaintiff has now been accorded all relief available under the FDCPA, the only remaining claim in this case is the allegations supporting Count III.

5. On November 30, 2010, the Eleventh Circuit issued an unpublished order affirming the Southern District's opinions that the federal district court does not possess subject matter jurisdiction over private causes of action under the TCPA.

6. The Plaintiff has not alleged nor do the factual allegations support any claim for diversity jurisdiction and the Defendant request the court to retain supplemental jurisdiction of Count III in this action.

7. Defendant therefore requests this court to dismiss Count III without prejudice for lack of subject matter jurisdiction.

**C. Legal Analysis.**

**1. Standard for deciding 12(b)(1) motions.**

Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms: "facial attacks," which require a court to evaluate a pleading and determine if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction and "factual attacks," which challenge

the "*existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings ... are considered.*" *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-1529 (11th Cir. 1990). The attack in this case is factual, meaning, "in short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* The allegation that the Court lacks subject matter jurisdiction is a defense that can never be waived or forfeited. *See, U.S. v. Cotton,* 535 U.S. 625, 630, 122 S. Ct. 1781, 152 L. Ed. 2d 860 (2002).

In this matter, Defendant moves for dismissal of Count III of Plaintiff's Complaint, under Rule 12(b)(1), because the federal court does not possess subject matter jurisdiction over private actions brought pursuant to the Telephone Consumer Protection Act ("TCPA")

The Eleventh Circuit has ruled that "federal courts lack subject matter jurisdiction of private actions under the [TCPA]." *See, Nicholson v. Hooters of Augusta*, 136 F.3d 1287, 1289 (11th Cir. 1998) *modified*, 140 F.3d 898 (11th Cir. 1998). Recently, the Southern District of Florida granted the Defendant's motion to dismiss finding that the federal court did not possess subject matter jurisdiction over claims brought by private individuals under the TCPA. See: Mims v. Arrow Financial Services, LLC, 09-CV-22347 (S.D. Fla. 2009) *affirmed* Mims, 10-12077 (11th Cir. 2010)(unpublished)[1] The Eleventh Circuit in Mims, in relying on its decision in Nicholson, held that since "Congress granted state courts exclusive jurisdiction over private actions under the Act" "federal courts lack subject matter jurisdiction over private actions under the Act" See: Mims, page 2 *citing* Nicholson, 136 F.3d 1287, 1288-89 (11th Cir. 1998*) modified*, 140 F.3d 898 (11th Cir. 2001)

---

[1] The Mims case is currently pending before the United States Supreme Court to determine whether the TCPA has federal question jurisdiction as held in Nicholson. As the TCPA has a four year statute of limitations, the Plaintiff will not be prejudiced by bringing this action in state court or awaiting the ruling in Mims, if federal jurisdiction is available.

Several other federal Circuit Courts that have considered the issue have also concluded that exclusive jurisdiction over TCPA claims rests in state court. *See, ErieNet, Inc., v. Velocity Net, Inc.*, 156 F.3d 513, 520 (3d Cir. 1998); *Foxhall Realty Law Offices, Inc. v. Telecommunications Premium Servs., Ltd.*, 156 F.3d 432, 438 (2d Cir. 1998); *Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507, 514 (5th Cir. 1997); *International Science & Tech. Inst. v. Inacom Communs.,* 106 F.3d 1146, 1151 (4th Cir. 1997); *Murphey v. Lanier*, 204 F.3d 911, 913 (9th Cir. 2000).

WHEREFORE, Defendant respectfully requests an Order from this Court dismissing Count III for lack of jurisdiction.

Respectfully submitted,

/s/Ernest H. Kohlmyer, III
Ernest H. Kohlmyer, III, Esquire
Florida Bar No. 0110108
SOUTH MILAHAUSEN, P.A.
Gateway Center
1000 Legion Place, Suite 1200
Orlando, Florida   32801
(407) 539-1638
(407) 539-2679 (fax)
skohlmyer@southmilhausen.com
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I certify that the foregoing was filed and served on **December 1, 2011**, via the Court Clerk's CM/ECF system which will provide notice to the following:

>Donald A. Yarbrough, Esq.
>P.O. Box 11842
>Ft. Lauderdale, FL 33339

>/s/Ernest H. Kohlmyer, III
>Ernest H. Kohlmyer, III, Esquire
>Florida Bar No. 0110108
>SOUTH MILAHAUSEN, P.A.
>Gateway Center
>1000 Legion Place, Suite 1200
>Orlando, Florida   32801
>(407) 539-1638
>(407) 539-2679 (fax)
>skohlmyer@southmilhausen.com
>Attorney for Defendant